IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRYAN McGUIRE and DANA McGUIRE                                                   PLAINTIFFS

VS.                                         CASE NO. 2:16-CV-02198-PKH

KOMAR SCREW CORP. and
MARVIN KOCIAN                                                                   DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Presently before the Court is the Motion to Transfer to Arkansas' Workers Compensation Commission and Stay or Dismiss Plaintiffs' Complaint (Doc. 12), filed by Defendants, Komar Screw Corp. and Marvin Kocian, on September 8, 2016.  Plaintiffs responded to the motion on September 29, 2016.  (Doc. 18)  Defendants filed a reply on September 30, 2016.  (Doc. 19)  The matter was referred to the undersigned on November 29, 2016.

**I.  Background**

Plaintiffs originally filed their complaint in the Circuit Court of Sebastian County, Arkansas on May 17, 2016.  (Doc. 3)  The complaint alleges that Plaintiff, Bryan McGuire ("Mr. McGuire"), was an employee of Defendant, Komar Screw Corp. ("Komar"), from September 13, 1999 until October 30, 2015, "when he was abruptly terminated, without cause."  (Doc. 3, ¶ 2)  Mr. McGuire alleges that he suffered a work-related injury to his abdominal wall and right shoulder on May 1, 2009.  (Doc. 3, ¶¶ 12, 13)  Plaintiff states that he gave immediate notice of his injury to his boss (Doc. 3, ¶ 16), but that Komar "failed to secure for the Plaintiff the medical, surgical, and hospital and nursing services and medicine as may be reasonably necessary in connection with the injury received by the employee . . ."  (Doc. 3, ¶ 21)  Plaintiff alleges that he has accumulated medical

expenses of $166,563.13, of which Komar has paid nothing; although, Plaintiff further alleges that Defendants gave Plaintiff a check for $1,000.00 on May 17, 2005, and two checks totaling $1,250.00 on August 10, 2015, to be used for further medical consultations, and to pay a bill. (Doc. 3, ¶¶ 23, 25)

Count One of Plaintiffs' complaint seeks compensation for Defendants' failure to secure workers' compensation benefits for Mr. McGuire arising from his May 1, 2009 work-related injury. (Doc. 3, pp. 3-7) Count Two asserts a claim against Defendants for breach of an implied contract to provide workers' compensation insurance coverage. (Doc. 3, pp. 7-9) Count Three sets forth a claim of wrongful discharge, alleging that Mr. McGuire's termination was motivated by Defendants' desire to eliminate their economic liability for the work related injury suffered by the plaintiff. (Doc. 3, pp. 9-13) Count Four avers a claim for intentional infliction of emotional distress, stating that Defendants' actions, culminating in Mr. McGuire's discharge on October 30, 2015, "were extreme, outrageous, and intolerable in a civilized society," and "were calculated to cause the plaintiff extreme psychological and emotional distress." (Doc. 3, pp. 13-14) Plaintiff, Dana McGuire ("Mrs. McGuire") seeks compensation for loss of consortium in Count Five. (Doc. 3, p. 14) As to Counts Three and Four, Plaintiffs seek both compensatory and punitive damages.

Defendants removed the case to this Court on August 12, 2016. (Doc. 1) Defendants also filed their answer on that date, denying liability to the Plaintiffs. (Doc. 5) Defendants subsequently filed the present motion, in which they assert that there was in effect on May 1, 2009 a workers' compensation and employer's liability insurance policy, and in which they argue that the Arkansas Workers' Compensation Commission has exclusive jurisdiction over the issue of whether Komar has secured payment as required by the Arkansas Workers' Compensation Act, and that Plaintiff's

Complaint should be transferred to the Arkansas Workers' Compensation Commission for determination. (Doc. 12, ¶ 5) Defendants further contend that Counts Three, Four, and Five of the complaint are interwoven factually with the allegations of Counts One and Two; and, that while this Court has discretion to stay this action, Defendants request that the Court dismiss without prejudice the Plaintiffs' remaining claims. (Doc. 12, ¶ 6)

In their response to the pending motion, Plaintiffs argue: (1) that if this Court lacks subject matter jurisdiction of any part of the removed complaint, as Defendants now claim that it does, then the Court must remand the action back to the state court from which it was removed; (2) that the action falls within an exception to the exclusive jurisdiction of the Arkansas Workers' Compensation Commission in that Defendants "fail[ed] to secure the *payment* of compensation as required by this chapter" (emphasis in original); and, (3) that the remaining counts are not subject to stay or dismissal. (Doc. 18) Plaintiffs pray that the motion be denied, or alternatively, that the action be remanded to the Circuit Court of Sebastian County, Arkansas, where it commenced, for further proceedings in that court. (Id.)

Defendants, in reply, now argue that removal to this Court was improper, and that pursuant to 28 U.S.C. § 1445(c) no civil action arising under the workers' compensation laws of any state may not be removed to any district court of the United States. (Doc. 19) They contend, however, that due to the Plaintiffs' failure to timely object to the removal, that there is no legal support for this Court to remand the case. (Id.) Defendants then discuss issues which they argue should be decided by the Arkansas Workers' Compensation Commission and not this Court.

Having been fully briefed by the parties, the motion is now ready for disposition.

## II. Discussion

Frankly, it appears to the undersigned that Defendants have taken inconsistent positions regarding the motion. On one hand, Defendants acknowledge that this action should never have been removed to this Court; but, they argue, since Plaintiffs did not timely object to the improper removal, this Court now lacks authority to remand the case back to the state court from whence it came. Moreover, and without citing any supporting statutory authority for such a transfer, Defendants request that this Court transfer the claims raised in counts one and two of the complaint to a state administrative agency, the Arkansas Workers' Compensation Commission, and that the remaining counts of the complaint be dismissed without prejudice. For the reasons discussed below, the undersigned recommends the motion be denied regarding the requested transfer to the Arkansas Workers' Compensation Commission, and that the entire action be remanded to the Circuit Court of Sebastian County, Arkansas for further proceedings in that court.

### A. Exclusive Remedy Doctrine

A.C.A. § 11-9-105, Exclusivity of rights and remedies, states in relevant part:

> "(a) The rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, *shall be exclusive of all other rights and remedies of the employee* . . . on account of the injury or death, and the negligent acts of a coemployee shall not be imputed to the employer. No role, capacity, or persona of any employer, principal, officer, director, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this chapter, and the remedies and rights provided by this chapter shall in fact be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have.
>
> (b)(1) However, if an employer fails to secure the payment of compensation as required by this chapter, an injured employee, or his or her legal representative in case death results from the injury, may,

>at his option, elect to claim compensation under this chapter or to maintain a legal action in court for damages on account of the injury or death.

The provisions of A.C.A. § 9-11-105(a) are commonly known in Arkansas as the "exclusivity doctrine." Thus, under Arkansas law, the exclusive remedy for an employee who is injured during the course and within the scope of his employment is to file a claim under the provisions of the Arkansas Workers' Compensation Act (the "Act"). Because the exclusive-benefits provision of the law favors both the employer and the employee, Arkansas courts take a narrow view of any attempt to seek damages beyond that favored, exclusive remedy. *See Wilhelm v. Parsons*, 2016 Ark. App. 56, *8, 481 S.W.3d 767, 772 (2016) (citing *Brown v. Finney*, 326 Ark. 691, 932 S.W.2d 769 (1996)).

Federal district courts in this state have recognized that they, like the state courts, have no subject matter jurisdiction in cases in which exclusive jurisdiction is vested in the Workers' Compensation Commission. *See Shultz v. Lion Oil Co.*, 116 F.Supp. 119, 121 (W.D. Ark. 1952); *Phifer v. Union Carbide Corporation*, 492 F.Supp. 483, 484 (E.D. Ark. 1980).

Count One of Plaintiffs' complaint seeks to recover damages arising from an alleged injury sustained by Mr. McGuire while he was employed by Komar on May 1, 2009. That claim is governed solely and exclusively by the Workers' Compensation Law in effect at the time of the alleged injury and, unless an exception applies, is subject to the exclusive jurisdiction of the Arkansas Workers' Compensation Commission.

### B. Failure to Secure Payment Exception

One exception to the exclusivity doctrine is stated in § 11-9-105(b), permitting an employee to maintain an action in court for damages on account of a work-related injury or death if the employer fails to secure the payment of compensation as required by law. Plaintiffs rely on this

-5-

exception to support subject matter jurisdiction in this Court.  Their reliance on the exception is misplaced.

Plaintiffs contend that the mere purchase of a policy of workers' compensation insurance is insufficient to trigger the exclusive jurisdiction of the Arkansas Workers' Compensation Commission.  They argue that focusing on the existence of the insurance policy completely ignores the employer's legal obligation to report the employee's claim and to make payment of compensation.  Plaintiffs further reason that the policy of insurance Defendants had in effect at the time of May 1, 2009 work-related injury "cannot be said with any certainty to actually cover the plaintiff."  (Doc. 18, pp. 2-3)  Arkansas courts have held to the contrary on these points.

A.C.A. § 11-9-404 defines how an employer meets its obligation to "secure the payment of compensation under this chapter," and one such means is listed in subsection (a)(1) as "[b]y insuring and keeping insured the payment of the compensation with any carrier authorized to write workers' compensation insurance[.]"  Plaintiffs correctly point out that the ultimate obligation to compensate an injured employee is placed squarely on the employer.  *See* A.C.A. § 11-9-401(b).  As the Court in *Wilhelm* observed, however: "This does not require that compensation for a workplace injury be *actually paid* in order to effect the exclusive remedy.  To hold in such a way adds a requirement not evident in the Act."  481 S.W.3d at 774 (emphasis in original).

In *Rankin v. Farmers Tractor & Equipment Co., Inc.*, 319 Ark. 26, 32, 888 S.W.2d 657, 660 (1994), the Arkansas Supreme Court interpreted the provisions of A.C.A. § 11-9-105(b)(1) to mean that if there was an employer/employee relationship and the employer furnished workers' compensation coverage for its employees, then this satisfied the "secure compensation" language in the statute.

There is no dispute that Mr. McGuire was an employee of Komar at the time of the alleged work-related injury on May 1, 2009. Komar has also shown that it had in force a policy of workers' compensation insurance coverage at the time of that alleged injury. Accordingly, Komar had "secured compensation" as required by the Arkansas Workers' Compensation Act.

Plaintiffs allege that Mr. McGuire gave immediate notice of his injury to his boss (Doc. 3, ¶ 16), and they argue that Defendants then ignored their obligation to actually report the claim to the Workers' Compensation Commission and their insurance carrier (Doc. 18, p. 2). Pursuant to A.C.A. § 11-9-529(a), an employer is obligated to report a worker's injury to the Commission within ten days of notice of that injury. Failure to do so subjects the employer to the potential of a civil penalty. A.C.A. § 11-9-529(e). This potential civil penalty does not equate to a tolling of the statute of limitations for purposes of a claimant filing a timely claim for compensation under the Act. *See Chambers v. Int'l. Paper Co.*, 56 Ark. App. 90, 938 S.W.2d 861 (1997); *Wilhelm*, 481 S.W.3d at 775. An employer's conduct seeking to avoid payment of claims under a workers' compensation policy presents an issue between the Commission and the employer under A.C.A. § 11-9-106, which statute provides for penalties that may be assessed against an employer. *Wilhelm*, 481 S.W.3d at 774-75.

Arkansas law clearly dictates that the exception to the exclusivity doctrine does not apply in the present case because Komar "secured payment of compensation" as required by the Act by having a workers' compensation policy in effect at the time of the alleged injury. Absent the actual payment of compensation, it was Mr. McGuire's obligation to file a timely claim for benefits with the Commission.

Plaintiffs further argue that "this court should require defendants to affirm that the policy in

fact covers the plaintiff, and that the defendants performed their contractual duties under it." (Doc. 18, p. 4)  Arkansas law imposes no such requirement.  In *Wilhelm*, the plaintiff did not contest the existence of a workers' compensation policy at the time of the work accident, but rather, he contested whether he was actually covered by that policy.  The Court disagreed that such proof was required by the relevant statute.  The Court noted A.C.A. § 11-9-408(c)(1) provides that "[n]o policy or contract of insurance shall be issued against liability under this chapter unless the policy or contract covers the entire liability of the employer."  481 S.W.3d at 774.  Thus, "unless the workers' compensation policy is void ab initio, versus merely voidable, then this coverage is in existence for the protection of an injured employee."  *Id*.  Here, Komar had a policy of workers' compensation insurance in force at the time of Mr. McGuire's alleged work-related injury, and there are no allegations or proof that the policy was void ab initio for some reason.  Consequently, Mr. McGuire, as an employee of Komar at the time of the work accident, would be covered by the policy.

Count Two of Plaintiffs' complaint avers a cause of action for breach of an implied contract, i.e., for Komar to adhere to its employee handbook and comply with all state and federal laws pertaining to workers' compensation.  This claim is also subject to the exclusivity doctrine.  *See National Union Fire Ins. v. Tri-State Iron and Metal*, 323 Ark. 258, 914 S.W.2d 301 (1996) (exclusivity provision of Workers' Compensation Law makes no exceptions for contract actions); and, e.g., *Cherry v. Tanda, Inc.*, 327 Ark. 600, 940 S.W.2d 457 (1997) (employee's claim that employer breached its implied contractual duty to supply safe work place was barred by Workers' Compensation Act's exclusivity provision).

Considering the record and applicable Arkansas law, the "failure to secure payment of compensation" exception to the exclusivity doctrine is inapplicable in this case.  As both Counts One

and Two of Plaintiffs' complaint seek damages for Mr. McGuire's work-related injury, they are subject to the exclusive jurisdiction of the Arkansas Workers' Compensation Commission, and this Court lacks subject matter jurisdiction to consider the claims.

### C. Wrongful Discharge Claim Not Cognizable

Plaintiffs bring a cause of action for wrongful discharge in Count Three of their complaint, alleging that Defendants terminated Mr. McGuire's employment due to their desire to eliminate their economic liability for the work-related injury Mr. McGuire suffered. (Doc. 3, pp. 9-13) Such a cause of action is not cognizable under the Arkansas Workers' Compensation Act.

A.C.A. § 11-9-107 provides for both civil and criminal penalties that may be imposed on an employer who willfully discriminates against an employee on account of the employee's claim for benefits under the Act. This section of the Act was substantially amended by the Arkansas Legislature in 1993 to expressly abolish a private cause of action for retaliatory discharge in connection with workers' compensation claims. *See Brown v. Pepsico, Inc.*, 844 F.Supp. 517 (W.D. Ark. 1994); *Tackett v. Crain Automotive*, 321 Ark. 36, 899 S.W.2d 839 (1995); *Malone v. Trans-States Lines*, 325 Ark. 383, 926 S.W.2d 659 (1996); and, *Lambert v. LQ Mgmt., L.L.C.*, 2013 Ark. 114, 426 S.W.3d 437 (2013). This is made plain in the statute where it states, "[a] purpose of this section is to preserve the exclusive remedy doctrine and specifically annul any case law inconsistent herewith[.]" A.C.A. § 11-9-107(e). As Judge Waters noted in *Brown*, any such claims filed after July 1, 1993, the effective date of the amendment, "are claims made to the Arkansas Workers' Compensation Commission rather than to the courts." 844 F.Supp. at 520.

Accordingly, Plaintiffs' cause of action for wrongful discharge is not cognizable in court, and any relief for retaliatory discrimination pursuant to A.C.A. § 11-9-107 must be brought before the

Arkansas Workers' Compensation Commission.

### D. Intentional Tort Exception

In Count Four of their complaint, Plaintiffs bring a claim against Defendants for intentional infliction of emotional distress. They allege "[t]hat the continuous course of actions of the defendants ..., culminating in the plaintiff's discharge on October 30, 2015, were extreme, outrageous, and intolerable in a civilized society." (Doc. 3, ¶ 56) They seek recovery of compensatory damages in the amount of $1,000,000, and a like amount in punitive damages. (Doc. 3, ¶¶ 60, 61) While Arkansas law recognizes a narrow exception to the exclusivity doctrine for intentional torts, that exception does not extend so far as to include the tort of intentional infliction of emotional distress.

In *Phifer*, 492 F.Supp. at 485, the court acknowledged that only if an employer commits acts with an actual, specific, and deliberate intent to injure an employee, will the employee have a common-law action in tort under Arkansas law. Quoting from 2A Larson's Workmen's Compensation Law, § 68.13, the court in *Phifer* observed:

> "Even if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering claimant to perform an extremely dangerous job, willfully failing to furnish a safe place to work, or even willfully and unlawfully violating a safety statute, this still falls short of the kind of actual intention to injure that robs the injury of accidental character." *Id*.

By way of example of an intentional act that would fall within the exception, the *Phifer* court cited *Heskett v. Fisher Laundry & Cleaners, Inc.*, 217 Ark. 350, 230 S.W.2d 28 (1950), where it was held that a vicious, intentional, unprovoked, and premeditated assault by the employer on the employee was not an accident so as to come within the provisions of the Workers' Compensation

Act. *See also: VanWagoner v. Beverly Enterprises*, 334 Ark. 12, 16, 970 S.W.2d 810, 812 (1998) (holding that the exclusive remedy of an employee on account of injury or death arising out of and in the course of employment is a claim for compensation under the Workers' Compensation Act, and that the Workers' Compensation Commission has exclusive, original jurisdiction to determine the facts that establish jurisdiction, unless the facts are so one-sided that the issue is no longer one of fact but one of law, such as an intentional tort); *Frisby v. Milbank Mfg. Co.*, 688 F.3d 540, 542 (8th Cir. 2012) (an employee may sue employer in tort for an injury not covered by Workers' Compensation Act, such as an intentional tort or one not committed during the course of employment).

In *Cain v. National Union Life Ins. Co.*, 290 Ark. 240, 241, 718 S.W.2d 444 (1986), the Arkansas Supreme Court held that the exclusive remedy provided by the Workers' Compensation Act precluded an action at law for an intentional tort arising out of the non-payment of benefits. Noting that the Act provided remedies, including penalties, for late payment, the court concluded that, "[a]ny change concerning the exclusivity of the statutory remedies or the form of those remedies must come legislatively." 718 S.W.2d at 445. Citing *Cain*, the court in *Roy Horton Tomato Co., Inc. v. Home Ins. Co.*, 683 F.Supp. 714, 716 (E.D. Ark. 1988) held that one consequence flowing from the exclusive nature of the Act is that the remedy precludes an action at law, including "an intentional tort arising out of the non-payment of benefits."

Faced with a complaint alleging that an employer committed numerous acts, such as failure to make reasonable inspection of equipment, failure to provide a safe work place, failure to provide safety gear, and violation of governmental safety standards, and pertinent to the present action, an allegation of intentional infliction of emotional distress and outrage, the Arkansas Supreme Court in *International Paper Co. v. Clark County Circuit Court*, 375 Ark. 127, 131, 289 S.W.3d 103, 106-

07 (2008) stated, "because all of the allegations in this complaint are so intertwined, we cannot conclude the facts are so one-sided as to render the issue no longer one of fact, but of law[,]" and the court held the Arkansas Workers' Compensation Commission had exclusive jurisdiction to determine the applicability of the Act to the matters alleged in the complaint, and that the circuit court was "wholly without jurisdiction."

The foregoing authorities convince the undersigned that Plaintiffs' cause of action for intentional infliction of emotional distress "still falls short of the kind of actual intention to injure that robs the injury of accidental character," and that the Workers' Compensation Act provides the exclusive remedy in this instance.

### E.  Prohibition Against Removal of Workers' Compensation Cases

28 U.S.C. § 1445(c) provides, "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

After removing this action from state court to this Court, Defendants now concede that the removal was improper, citing 28 U.S.C. § 1445(c). (Doc. 19, p. 1)  Defendants argue, however, that violation of the bar against removal is procedural and not a jurisdictional defect, and that parties seeking to invoke the bar to removal must object to removal within 30 days after the filing of the notice of removal. (Id.)  Defendants are incorrect on this point.  While it is true that a motion to remand a case must be made within 30 days after the filing of a notice of removal, that requirement pertains only to defects *other than lack of subject matter jurisdiction*.

28 U.S.C. § 1447(c) provides:

> "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  *If at any*

> *time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.* An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." (Emphasis added.)

Here, all of Plaintiffs' claims flow from an alleged work-related injury on May 1, 2009. As discussed above, Counts One and Two of Plaintiffs' complaint seek recovery of damages for Defendants' alleged failure to secure payment of workers' compensation benefits as required by Arkansas law. Those claims are subject to the exclusive jurisdiction of the Arkansas Workers' Compensation Commission, and this Court lacks subject matter jurisdiction over them. Count Three states a claim for wrongful termination, also stemming from Mr. McGuire's work injury. Private actions for wrongful or retaliatory discharge in connection with a workers' compensation claim were abolished by the Arkansas Legislature in 1993 in favor of penalties that may be sought before the Arkansas Workers' Compensation Commission. Again, this Court lacks subject matter jurisdiction. Count Four states a claim for intentional infliction of emotional distress resulting from the Defendants' alleged conduct. This claim lacks support in Arkansas law, and the Workers' Compensation Act provides the exclusive remedy. Once again, this Court lacks subject matter jurisdiction.

Finally, Count Five states a claim for Mrs. McGuire's loss of consortium resulting from the alleged work injury. Under Arkansas law, a spouse's claim for loss of consortium is derivative of and dependent upon the marital partner's right to recovery. *See Aetna Cas. & Sur. Co. v. Hatridge*, 282 F.Supp. 604, 607 (W.D. Ark. 1968); *Ouachita Nat. Bank v. Tosco Corp.*, 686 F.2d 1291, 1299 n. 10 (8th Cir. 1982).

Where, as here, the case did not originate in federal court but was removed there by the defendants, the federal court *must* remand the case to the State court from whence it came. The mandatory language of 28 U.S.C. § 1447(c) is unequivocal. *See Wallace v. Conagra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014).

### III.  Conclusion

For the reasons and upon the authorities discussed above, it is recommended that Defendants' Motion to Transfer to Arkansas' Workers Compensation Commission and Stay or Dismiss Plaintiffs' Complaint (Doc. 12) be **DENIED**, but that due to lack of subject matter jurisdiction in this Court, that this action be **REMANDED** to the Circuit Court of Sebastian County, Arkansas, for further proceedings before that Court.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of December, 2016.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE